UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANGEL RODRIGUEZ,

                Plaintiff,

-against-

THE CITY OF NEW YORK; CORRECTION OFFICER "JOHN" PARK, Shield No. 15665, CORRECTIONAL OFFICER JOHN and JANE DOE # 1 through 10, in their individual and official capacities as employees of the City of New York,

                Defendants.

------------------------------------------------------------X

**AMENDED COMPLAINT AND JURY TRIAL DEMAND**

16 CV 788 (ARR)(ST)

## PRELIMINARY STATEMENT

1. This is a civil rights action brought by plaintiff ANGEL RODRIGUEZ (hereinafter Mr. Rodriguez or Plaintiff) for damages pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2. While in custody of the New York City Department of Correction (hereinafter "DOC"), DOC failed to protect Plaintiff from a violent inmate who viciously assaulted Plaintiff causing Plaintiff to sustain serious physical injuries.

3. As a result, Plaintiff suffered significant injuries. Plaintiff now seeks redress against the City of New York, its agents and employees.

4. Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

5. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

6. This action arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, and 1988. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. § 1331 and § 1367.

**JURY DEMAND**

7. Plaintiff demands a trial by jury in this action.

**VENUE**

8. Under 28 U.S.C. § 1391 (b) and (c), venue is proper in the Eastern District of New York.

**PARTIES**

9. Plaintiff at all material times relevant hereto resided in the City and State of New York.

10. That at all times hereinafter mentioned, and upon information and belief, the defendant, the CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The New York City Department of Correction was at all times relevant hereto, an agency of the defendant the CITY OF NEW YORK.

11. That at all times hereafter mentioned, and on information and belief, defendant Correctional Officer "JOHN" PARK, whose first name is unknown to plaintiff, Shield Number 15665, was at all times relevant hereto, an

employee of the defendant City of New York, employed as a correctional officer by the New York City Department of Correction. Defendant PARK is sued in his individual and official capacities.

12. Defendant C.O. PARK, at all relevant times herein, either directly participated or failed to intervene to stop the assault upon plaintiff.

13. At all times mentioned herein, defendant PARK was acting under color of state and local laws, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

14. That at all times hereafter mentioned, and on information and belief, defendant Correctional Officers JOHN and JANE DOE # 1 through 10 were at all times relevant hereto, employees of the defendant City of New York, employed as correctional officers by the New York City Department of Corrections. Said defendants are sued in their individual and official capacities.

15. Defendant correctional officers, JOHN and JANE DOE # 1 through 10 at all relevant times herein, either directly participated or failed to intervene to stop the assault upon plaintiff.

16. At all times mentioned herein, defendants JOHN and JANE DOE # 1 through 10 were acting under color of state and local laws, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

17. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as correctional officers employed by the defendant City of New York through its agency, the New York City Department of Corrections and that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as officers and employees of defendant, the City of New York.

## STATEMENT OF FACTS
### Assault Upon Plaintiff

18. Plaintiff is a Hispanic male and was at the time of the incidents herein incarcerated by the New York City Department of Corrections.

19. In the summer of 2015, Plaintiff reported to JOHN and JANE DOE defendants that he was concerned for his safety after being threatened by inmates and wished to be moved into protective custody.

20. The defendants ignored Plaintiff's requests.

21. On or about July 8, 2015 at about 6:00 am, Plaintiff was an inmate with the New York City Department of Corrections.

22. At that time, an inmate named Apollo Hernandez ("Hernandez") took a sheet and forcefully wrapped it around Plaintiff's head and neck, tightening it.

23. Hernandez pulled Plaintiff into a cell by force and slammed the door shut.

24. Plaintiff began grasping for air, and screamed for help.

25. A Correction Officer "John" Park, assigned to monitor the area was previously seen asleep in the area.

26. Plaintiff was unable get the sheet off of his head and neck and eventually fainted.

27. When Plaintiff came to, he was on the ground and inmate Hernandez was on top of Plaintiff strangling Plaintiff with one hand and punching Plaintiff with the other.

28. Plaintiff lost consciousness again.

29. When Plaintiff came to again, he was outside the cell surrounded by several individuals including Apollo Hernandez, defendant CO Park, and an inmate Jonathan Nelson.

30. Plaintiff was petrified of inmate Hernandez and tried to crawl away, but felt lightheaded and collapsed yet again. Plaintiff needed immediate medical assistance but was denied medical attention for some time and later taken to Bellevue Hospital.

31. As a result of this assault, Plaintiff sustained a fracture of the neck and underwent a surgery during which two (2) titanium plates and several screws were applied to reconstruct Plaintiff's bone and cartilage.

32. At no time did plaintiff assault or attempt to assault any officer or inmate, nor did he present a threat or perceived threat to the personal safety of any officer, inmate or to the security of the jail.

33. Defendant officers demonstrated deliberate indifference toward plaintiff's rights and physical well-being when they failed to intervene in order to protect Plaintiff by stopping this vicious assault.

34. As a direct and proximate result of the conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries including collapsed vocal cords, a broken neck bone, contusions about the face, head, and body.

35. The conduct of the defendant correctional officers in failing to protect Plaintiff from inmate Apollo Hernandez and denying him immediately medical attention directly and proximately caused serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

36. The defendant correctional officers acted with reckless and wonton disregard for the rights, health, and safety of the Plaintiff.

37. As a direct result of the acts alleged herein, the Plaintiff has suffered painful physical injury and pain, severe mental pain and anguish, and severe emotional distress.

38. All of the events complained of above have left permanent emotional scars that the Plaintiff will carry with him for the remainder of his life.

## FIRST CLAIM

## Deliberate Indifference to Plaintiff's Safety
## Against City of New York, C.O. "John" Park and C.O. John and Jane Doe # 1 through 10

39. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

40. Defendants were aware that plaintiff expressed concern for his physical safety.

41. Defendants were aware that there were real threats to plaintiff's safety.

42. Defendants ignored plaintiff's pleas for help.

43. As a result of defendants' failure plaintiff was severely attacked by inmates.

44. As a result of the attack plaintiff was severely injured.

## SECOND CLAIM
## Failure To Intervene

## Against All Individual Defendants

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. The defendants were present but failed to intervene in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

6

47. Accordingly, the defendants who failed to intervene violated Plaintiff's Fourth, Fifth, Eighth And Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM

**Respondeat Superior Liability
Against the City of New York**

49. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

50. The aforementioned conduct of the defendants occurred while they were on duty and was within the scope of their authority as officers.

51. Thus, Defendant City of New York is liable to Plaintiff for his damages under the doctrine of *respondeat superior*.

### FOURTH CLAIM

**Negligence
Against City of New York, C.O. "John" Park and
C.O. John and Jane Doe # 1 through 10**

52. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

53. Defendants owed plaintiff a duty of care to prevent him from being attacked.

54. Defendants breached that duty of care.

55. Defendants' breach of duty was the but-for cause of plaintiff's injury.

56. Defendants' breach of duty was the proximate cause of plaintiff's injury.

57. Plaintiff sustained damages, including but not limited to serious physical injuries, emotional injuries and pain and suffering as a result.

### FIFTH CLAIM

#### *Monell*
#### Against City of New York

58. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

59. Defendant City, through the DOC and officers to whom policymaking authority was delegated, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of DOC staff tolerating and permitting inmate on inmate violence.

60. This widespread tolerance of correction officers standing by, sleeping, or being away from their assigned posts when inmate on inmate violence occurred constituted a municipal policy, practice, or custom and directly led to plaintiff's attack and injuries.

61. Defendant City, through its correction officers, are charged with the care, custody and control of the inmates who are housed at DOC facilities.

62. However, through DOC's long-standing custom and practice, evidenced by numerous cases of inmates being assaulted while staff either

permitted, allowed or were derelict of their duties in preventing the assault, led directly to plaintiff's assault and injuries.

## SIXTH CLAIM

### Intentional Infliction of Emotional Distress
### Against City of New York

63. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

64. By allowing plaintiff to be attacked and almost killed by another inmate, defendants acted deliberately in committing conduct that was so extreme and outrageous.

65. Defendants were aware that their conduct would lead to plaintiff being injured in such a manner but took no steps to act or change their behavior.

66. As a direct result of defendants' conduct plaintiff was injured and sustained damages, including but not limited to physical pain and suffering and severe emotional distress.

## SEVENTH CLAIM

### Negligent Infliction of Emotional Distress
### Against City of New York

67. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

68. By allowing plaintiff to be attacked and almost killed by another inmate, defendants acted negligently in endangering plaintiff's safety and physical health.

69. Defendants' conduct was extreme and outrageous.

70. Defendants should have been aware that their conduct would lead to plaintiff being injured in such a manner and took no steps to act or change their behavior.

71. As a direct result of defendants' conduct plaintiff was injured and sustained damages, including but not limited to physical pain and suffering and severe emotional distress.

## **PRAYER   FOR   RELIEF**

**WHEREFORE, Plaintiff** requests that this Court:

a) Award compensatory damages against the defendants, jointly and severally;

b) Award punitive damages against the individual defendants, jointly and severally;

c) Award costs of this action to the plaintiff;

d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

e) Such other and further relief as this Court deems just and proper;


DATED:     February 14, 2017
           Brooklyn, New York

_____
Afsaan Saleem, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, NY 11241
(718) 852-4759
saleemlawny@gmail.com
rameaulawny@gmail.com

*Attorney for plaintiff*

11